## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| NORTHWESTERN UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:05-0932 (RMU) |
| | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION TO STRIKE AFFIRMATIVE DEFENSES AND COMPEL USDA TO RESPOND TO NORTHWESTERN'S FOIA REQUEST AS REQUIRED BY LAW**

Plaintiff Northwestern University ("Northwestern"), by undersigned counsel, respectfully moves this Court for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. In the alternative, Northwestern moves this Court to strike the affirmative defenses asserted by Defendant United States Department of Agriculture ("USDA") and compel USDA to respond to Northwestern's request for agency records under the Freedom of Information Act ("FOIA"). The grounds for this motion are set forth in the accompanying memorandum.

Pursuant to Rule 78.1 of the Local Rules of this Court, Northwestern hereby requests an oral hearing on this matter.

A proposed order for judgment on the pleadings, and in the alternative, a proposed order to strike USDA's affirmative defenses and compel a response as required by law, are attached to this motion.

Respectfully submitted this 29th day of July 2005,

|  |  |
|---|---|
| | /s/ Alan Charles Raul |
| | Alan Charles Raul, D.C. Bar No. 362605 |
| Frederic J. Artwick, Illinois Bar No. 74810 | Cassidy Kesler Pinegar, D.C. Bar No. 490163 |
| SIDLEY AUSTIN BROWN & WOOD LLP | SIDLEY AUSTIN BROWN & WOOD LLP |
| 10 S. Dearborn Street, 55th Floor | 1501 K Street, N.W. |
| Chicago, IL 60603 | Washington, D.C. 20005 |
| (312) 853-7000 | (202) 736-8000 |

*Attorneys for Plaintiff Northwestern University*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NORTHWESTERN UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:05-0932 (RMU) |
| | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION TO STRIKE AFFIRMATIVE DEFENSES AND COMPEL USDA TO RESPOND TO NORTHWESTERN'S FOIA REQUEST AS REQUIRED BY LAW

Plaintiff Northwestern University ("Plaintiff" or "Northwestern") respectfully submits this Memorandum in Support of Motion for Judgment on the Pleadings or, in the Alternative, Motion to Strike Affirmative Defenses and Compel USDA to Respond to Northwestern's FOIA Request as Required by Law.

Well over a year ago, on April 16, 2004, Northwestern submitted a request for agency records under the Freedom of Information Act ("FOIA") to the United States Department of Agriculture ("Defendant" or "USDA"), seeking records relating to two agency investigations. During all of this period of unlawful delay, USDA has not produced a single document in compliance with Northwestern's request, invoked any exemption with respect to Northwestern's request, or even produced an interim response to Northwestern's request. Northwestern has been patient, periodically contacting USDA concerning the status of its request. Despite

Northwestern's reasonable approach to the matter, USDA has abdicated its legal responsibilities without any attempt to justify or excuse itself.

This lawsuit should not be necessary, but unfortunately, there seems to be no other way for Northwestern to vindicate its rights under FOIA. Rather than taking the opportunity to comply with FOIA by addressing Northwestern's long-standing request in response to the filing of the complaint, USDA responded to the complaint by submitting an answer that ignores the agency's FOIA duties. USDA expressly admits that it has not provided Northwestern with any response, with any records, or with any reasons for withholding records. USDA's attitude toward its clear legal obligations is inexplicable and inexcusable. Northwestern is legally entitled to a response to its request, but as USDA admits, it has not received one despite waiting more than a year. As a result, this Court should enter judgment on the pleadings and award full relief to Northwestern without further delay. In the alternative, the Court should strike USDA's affirmative defenses and compel USDA to respond to the request by providing a response as required by law.

## BACKGROUND

Northwestern University is a world renowned, nonprofit educational institution located in Evanston, Illinois. Northwestern submitted the FOIA request at issue in this case on April 16, 2004, over fifteen months ago. The request is relatively narrow and precise: it seeks documents referring or relating to USDA Case Numbers IL03150-AC and IL04181-AC, which concern activities by USDA's Animal and Plant Health Inspection Service (APHIS") involving Northwestern.

2

USDA acknowledged mere receipt of Northwestern's request by letter dated April 26, 2004.  In that letter, USDA indicated that the request would be forwarded to APHIS, the relevant agency within USDA, which would search for responsive records.  USDA's acknowledgement letter expressly stated that Northwestern would receive a "direct response" from APHIS upon completion of the search.

On May 12, 2004, APHIS acknowledged that it had received the request and assigned it an internal case number, FOIA 04-421.  USDA indicated that it had requested a search for responsive records and it would charge Northwestern for duplication, search and review time, if applicable.  USDA also provided the telephone number of an official at USDA for Northwestern to contact if it had any questions concerning the request.

Other than these acknowledgements of receipt of Northwestern's FOIA request, the agency has not responded in writing during the fifteen months the request has been pending. Specifically, Northwestern has not received any response indicating whether USDA had decided to grant or deny its request in whole or in part.  Northwestern has not been informed of the approximate date on which records would be produced in case of a grant, or of its right to appeal to the agency head in case of a denial.  Most importantly, Northwestern has not received any agency records in response to its request and has not been informed of any reasons why USDA would withhold documents.

Northwestern and its counsel have contacted relevant officials at USDA on numerous occasions to follow up on its FOIA request.  Each time, Northwestern has been verbally assured that the request is being processed.  Nevertheless, as USDA admits in its answer, Northwestern has not received any response to its request—including a grant or denial,

copies of agency records, or reasons for withholding such records.  USDA's utter disregard for

the requirements of FOIA in this instance warrants immediate redress.

Seeking such redress, Northwestern filed its complaint in this case on May 9,

2005.  USDA filed its answer on June 13, 2005.  That same day, this Court issued a notice of

hearing for an initial status conference on October 3, 2005 at 11:15 a.m.  The notice states that

parties are to meet and confer and file their Joint Report under Local Rule 16.3 seven days prior

to the scheduled hearing.  Also on June 13, 2005, the Court also issued its standing order for civil

cases stating, among other things, that the parties must meet and confer twenty-one days before

the initial status conference, and file a joint report seven days before the initial status

conference.[1]


## ARGUMENT

## I.    THE COURT SHOULD GRANT JUDGMENT ON THE PLEADINGS BECAUSE USDA ADMITTEDLY FAILED TO COMPLY WITH ITS LEGAL OBLIGATIONS UNDER FOIA.

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)

should be granted where the moving party establishes that (1) no material fact is in dispute, and

(2) it is entitled to judgment as a matter of law.  *See, e.g.*, *Stewart* v. *Evans*, 275 F.3d 1126 (D.C.

Cir. 2002) (setting forth standard).  Here, Northwestern is entitled to judgment on the pleadings

because USDA admits to not responding to Northwestern's request for documents within the

statutory deadline or at any time thereafter, despite FOIA's clear requirement that the agency do

so.  While some leeway is traditionally accorded overburdened agencies as a practical matter,

---

[1] Northwestern understands the Court's scheduling order to supersede Local Rule 16.3(b)(9) (exempting FOIA actions from meet and confer, and joint report requirements).

making a requester wait over fifteen months without providing any substantive response whatsoever is not a legal violation that can or should be permitted.

A.     **No Material Fact Is In Dispute Because USDA Admits It Did Not Respond To Northwestern's FOIA Request.**

Northwestern filed its complaint in this case on May 9, 2005, approximately thirteen months after submitting its FOIA request to USDA.  USDA filed its answer to Northwestern's complaint on June 13, 2005.  In its answer, USDA admits all of the material facts involved in this case.

Specifically, in paragraph six of its answer, USDA admits without qualification that Northwestern submitted a FOIA request by letter dated April 16, 2004.  *See* Answer ¶ 6.  In paragraph seven, USDA admits without qualification that it acknowledged receipt of the request by letter dated April 26, 2005, and that it indicated that Northwestern would receive a "direct response" from APHIS upon completion of the search for records.  *See id.* ¶ 7.  In paragraph eight, USDA admits without qualification that APHIS acknowledged receipt of the request by letter dated May 12, 2005.  *See id.* ¶ 8.  Thus, there is no dispute that Northwestern submitted a FOIA request to USDA and that USDA received the request—and acknowledged its legal obligation to search and respond.

Significantly—and, indeed, dispositively—USDA admits without qualification, in paragraph eleven, that it failed to respond in any manner to Northwestern's request within the requisite twenty-business day period or at any time thereafter.  *See id.*  ¶ 11.  Specifically, Northwestern's complaint states:

> 11.     USDA failed to respond to Northwestern's FOIA request within the requisite 20-business day period.  USDA has not informed Northwestern that it determined to grant or deny Northwestern's FOIA request.  USDA has not informed Northwestern of an approximate date upon which the requested records will be produced.  USDA has not

> informed Northwestern that it has the right to appeal an
> adverse determination.  Complaint ¶ 11.

In response, USDA's answer states:

> 11.    Admit.  Answer ¶ 11.

In paragraph thirteen, USDA admits without qualification that it failed to provide the promised "direct response" to Northwestern upon completion of a search for responsive records.  *See id.* ¶ 13.  Finally, in paragraph fifteen, USDA admits without qualification that it has not provided Northwestern with any agency records or asserted any grounds to deny producing such records.  *See id.* ¶ 15.  Specifically, Northwestern's complaint states:

> 15.    USDA has not provided Northwestern with any agency
> records in response to its FOIA request, nor has it asserted
> any grounds to deny producing such records.
> Complaint ¶ 15.

In response, USDA's answer states:

> 15.    Admit.  Answer ¶ 15.

Based on these unqualified admissions, there can be no dispute that Northwestern submitted a valid FOIA request and USDA failed to respond to that FOIA request in the fifteen months since the request was received.  In particular, USDA admits that it has not informed Northwestern of its determination concerning the request and has not supplied Northwestern with any responsive records or provided Northwestern with any reasons for withholding responsive records.  *See id.* ¶¶ 11, 15.  Accordingly, no material facts are in dispute in this case.

**B.    Northwestern Is Entitled To Judgment As A Matter Of Law Because USDA Is Required To Respond To Northwestern's Request For Agency Records Under FOIA And USDA's Own Regulations.**

The central purpose of FOIA is to "open agency action to the light of public scrutiny."  *Schrecker* v. *United States Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (internal quotation marks omitted).  To accomplish that purpose, FOIA expressly provides that

agencies "shall" make records available to any person upon any request that reasonably describes such records and complies with published rules regarding time, place, fees and other procedures for making such a request.  5 U.S.C. § 552(a)(3)(A).   If an agency does not provide such records upon request, FOIA provides that the requester may file suit in federal court to "enjoin [an] agency from withholding agency records" and to compel "the production of any agency records improperly withheld."  5 U.S.C. § 552(a)(4)(B); *see also United States Dep't of Justice* v. *Tax Analysts*, 492 U.S. 136, 142 (1989) (holding that FOIA provides federal court jurisdiction when agency records are improperly withheld).

Although FOIA establishes certain exemptions that agencies may invoke in order to excuse particular records from otherwise mandatory disclosure, *see* 5 U.S.C. § 552(b)(1)-(9), it does not excuse the agency from responding to a properly submitted request by producing responsive documents, invoking applicable exemptions, or both.  Specifically, FOIA provides that agencies must determine within twenty business days of receiving a request for records "whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination."  5 U.S.C. § 552(a)(6)(A)(i); *see also Oglesby* v. *United States Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990) (setting forth the requirements of a legally sufficient response).  If the agency does not respond within the requisite time period, FOIA provides that the requester "shall be deemed to have exhausted his administrative remedies with respect to such request," 5 U.S.C. § 552(a)(6)(C)(i), and accordingly, may proceed immediately to court to enforce the request.  *See Oglesby*, 920 F.2d at 62.  Because that is the case here, the cause of action relied on in this lawsuit flows directly out of the statute, as plainly confirmed by this Circuit's case law.

USDA's FOIA regulations track the statute and add some additional requirements. In particular, the agency's regulations provide that USDA "shall inform the requester of its determination concerning that request within 20 working days of its date of receipt." 7 C.F.R. § 1.7(a). If it grants the request, USDA must inform the requester of any conditions surrounding the grant, such as the payment of fees, and of the approximate date upon which the requested records will be produced. *Id.* If it grants the request in part, USDA must make a "reasonable effort to estimate the volume of the records denied and provide this estimate to the requester," unless doing so would harm an interested protected by an exemption to FOIA. *Id.* If it denies the request in whole or in part, USDA must immediately inform the requester and provide the reasons for the denial, the name and title or position of the person responsible for the denial, the requester's right to appeal, the title and address of the official to whom the appeal should be addressed, and the requirement that an appeal be made within forty-five days of the date of denial. *Id.*

In this case, USDA did not comply with the requirements of FOIA or its own regulations. As set forth in the preceding paragraphs, both FOIA and USDA regulations require a response within twenty business days. *See* 5 U.S.C. § 552(a)(6)(A)(i); 7 C.F.R. § 1.7(a). USDA—as it admits in its answer—did not respond to Northwestern's request for agency records within the statutory time period. *See* Answer ¶ 11. Because USDA did not respond within twenty business days of receiving Northwestern's FOIA request or at any subsequent time before Northwestern filed suit, this Court has jurisdiction to provide immediate relief to Northwestern. *See Oglesby*, 920 F.2d at 62.

Moreover, because USDA admits it has not responded at any time or in any manner to Northwestern's FOIA request, Northwestern is entitled to judgment as a matter of law.

FOIA and USDA regulations set forth mandatory elements of an agency response to a request for records, *see* 5 U.S.C. § 552(a)(6)(A)(i); 7 C.F.R. § 1.7, including the specific requirement that all non-exempt records and portions of records be made available to the requester. *See* 5 U.S.C. §§ 552(a)(3)(A) & (b); 7 C.F.R. §§ 1.15(b) & 1.19(a). In its answer, USDA admits it did not comply with any of these provisions. In particular, USDA admits it did not inform Northwestern whether it was granting or denying Northwestern's request. *See* Answer ¶ 11. It also admits to not informing Northwestern of the reasons for its determination or of Northwestern's right to appeal an adverse determination. *See id.*[2]

It bears emphasis that this is not a case about the sufficiency of a federal agency's response or the propriety of claimed FOIA exemptions. Indeed, USDA admits it did not supply Northwestern with any responsive records or provide Northwestern with any reasons for withholding records. *See id.* ¶ 15. Instead, USDA simply failed to respond to a FOIA request—an unlawful failure which its answer admits. *See id.*

Given USDA's admissions that it has not responded in any manner or at any time to Northwestern's FOIA request—much less supplied responsive documents or provided any reasons for withholding documents—Northwestern is entitled to judgment as a matter of law.

**C.    The Court Should Grant Northwestern's Prayer For Relief.**

Judgment on the pleadings pursuant to Rule 12(c) is warranted here because no material fact is in dispute and Northwestern is entitled to judgment as a matter of law.

---

[2] USDA provided the telephone number of an official Northwestern could contact with questions about its request. Even assuming that USDA had responded to Northwestern's request—which it did not—providing the telephone number for someone who might field questions does not qualify as notice of the right to appeal to the agency head. *See, e.g.*, *Oglesby*, 920 F.2d at 67. And, of course, no FOIA "decision" was ever made by USDA and communicated to Northwestern, so there was never anything to "appeal."

Accordingly, the Court should grant Northwestern's prayer for relief. Specifically, the Court should declare that USDA's failure to respond to Northwestern's FOIA request is unlawful and order USDA to produce the responsive documents forthwith. In addition, the Court should award Northwestern reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, and such other injunctive relief, costs, attorneys' fees and other relief that the Court deems appropriate.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD STRIKE USDA'S AFFIRMATIVE DEFENSES AND COMPEL USDA TO RESPOND TO NORTHWESTERN'S FOIA REQUEST AS REQUIRED BY LAW.

In the alternative to granting judgment on the pleadings, the Court should strike USDA's affirmative defenses as insufficient as a matter of law and frivolous, and should compel USDA to respond to Northwestern's FOIA request as required by law.

### A.    USDA's Affirmative Defenses Are Insufficient As A Matter Of Law And Frivolous In Light Of Its Admitted Failure To Respond To Northwestern's FOIA Request.

The Court has discretion to strike affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). An affirmative defense should be stricken if it is insufficient as a matter of law—meaning there are no questions of fact, any questions of law are clear and not in dispute, and the asserted defense could not succeed under any set of circumstances. *See Securities & Exchange Comm'n* v. *Gulf & Western Indus., Inc.*, 502 F. Supp. 343, 345 (D.D.C. 1980). Put another way, an affirmative defense should be stricken if it is irrelevant and frivolous such that its removal would avoid wasting unnecessary time and money litigating the invalid defense. *See id.*

In this case, USDA asserts two affirmative defenses. First, it asserts that Northwestern has failed to state a claim. Second, it asserts that the "withheld documents were exempt under one or more of the statutory exemptions of the Freedom of Information Act."

10

Considering the admissions set forth in USDA's answer, both defenses are insufficient as a matter of law and frivolous, and thus should be stricken.

As discussed at length in the previous section, USDA unqualifiedly admits that it received a FOIA request from Northwestern and that it has failed to respond to such request. But then, by asserting the affirmative defense that Northwestern's complaint fails to state a claim, USDA takes the position that requesters have no cause of action, *i.e.*, no enforceable legal rights, under FOIA. For this defense to succeed in these circumstances, the FOIA statute, and the government's obligations under it, would be rendered null and void. In fact, FOIA provides an unmistakably clear cause of action for the benefit of unrequited requesters. *See, e.g.*, *United States Dep't of Justice* v. *Tax Analysts*, 492 U.S. 136, 142 (1989) ("The FOIA confers jurisdiction on the district courts 'to enjoin the agency from withholding agency records and to order the production for any agency records improperly withheld.'") (*citing* 5 U.S.C. § 552(a)(4)(B)). Indeed, the D.C. Circuit has put it plainly: "If the agency has not responded within the statutory time limits, then under 5 U.S.C. § 552(a)(6)(C), the requester may bring suit." *Oglesby* v. *United States Dep't of the Army*, 920 F.2d 57, 62 (D.C. Cir. 1990).

As a result, USDA's first affirmative defense cannot succeed—indeed, it is contrary to black letter FOIA law and well-established Circuit precedent. If a FOIA request has been made, as the government admits here, and there has been no response within the statutory deadline, as the government admits here, the requester has a cause of action pure and simple. *See* 5 U.S.C. § 552(a)(6)(C)(i); *Oglesby*, 920 F.2d at 62. For USDA to claim otherwise is insufficient as a matter of law and frivolously asserted.

11

USDA's second affirmative defense is similarly insufficient and frivolous. USDA admits in paragraph fifteen of its answer that it has not responded to Northwestern's request. *See* Answer ¶ 15. Northwestern's complaint states:

> 15.    USDA has not provided Northwestern with any agency records in response to its FOIA request, *nor has it asserted any grounds to deny producing such records*. Complaint ¶ 15 (emphasis added).

In response, USDA's answer states:

> 15.    Admit. Answer ¶ 15.

Despite these admissions, USDA nonetheless asserts as an affirmative defense that it has not violated FOIA because the "withheld documents were exempt." This defense is incongruous and unavailable. First, no documents have actually been "withheld"—USDA has simply ignored the request for over fifteen months by failing to respond. Second, the defense cannot be reconciled with USDA's own admission that it has not in fact asserted any grounds to deny producing records. *See id.* ¶ 15. Indeed, to the extent USDA may believe any responsive records are potentially exempt under FOIA, *it* bears the burden of *both* invoking and establishing the applicability of particular exemptions. *See Twist* v. *Ashcroft*, 329 F. Supp. 2d 50, 53 (D.D.C. 2004) (citing *Mead Data Cent., Inc.* v. *Department of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)). Here, USDA has not specified that any particular exemptions apply to any particular responsive documents. Neither USDA, nor any other agency, can defend a threshold failure to comply with FOIA by relying on the potential availability of hypothetical exemptions. *See, e.g.*, *Mead Data Cent.*, 566 F.2d at 251 ("[T]he burden which the FOIA specifically places on the Government to show that the information withheld is exempt from disclosure cannot be satisfied by the sweeping and conclusory citation of an exemption…. Thus, we require that when an agency seeks to withhold information it must provide a relatively detailed justification,

specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.") (citation omitted).

USDA's failure to respond in any substantive way to Northwestern's FOIA request is undisputed. *See* Answer ¶¶ 11, 13, 15 (USDA admits not responding to Northwestern's FOIA request and not supplying Northwestern with any responsive records or providing Northwestern with any reasons for withholding documents). As alleged and admitted in the pleadings, and as made clear throughout this brief, USDA has not asserted the applicability of a single exemption in the more than fifteen months Northwestern has been waiting for a response. Its affirmative defense merely alludes to hypothetical exemptions that have never been claimed for documents that have never been produced or even identified. Accordingly, there is no chance that this affirmative defense could justify USDA's categorical failure to respond as required by FOIA. Thus, its assertion is frivolous.

Because they are insufficient as a matter of law and frivolous, the Court should strike both of USDA's affirmative defenses. The Court should not allow USDA to disregard its legal obligations under FOIA with such impunity.

### B. The Court Should Compel USDA To Respond Immediately To Northwestern's Request As Required By Law.

Even if it does not grant judgment on the pleadings at this time, which Northwestern respectfully submits is fully warranted, the Court should nonetheless compel USDA to respond immediately to Northwestern's FOIA request in a legally sufficient manner. This case, unlike many FOIA cases, is not about the adequacy or sufficiency of the government's search for responsive records. Nor is it about the applicability of any statutory exemptions. To Northwestern's knowledge, and based on USDA's admissions in its answer, USDA has engaged in no search for records and asserted no exemptions. *See* Complaint ¶ 15; Answer ¶ 15. Instead,

this case concerns the most fundamental aspect of FOIA—the requirement that a governmental

agency respond to any person's request for records and produce such records.  *See, e.g.*, S. Rep.

No. 813, 89th Cong., 1st Sess., 3 (1965) (The basic purpose of FOIA reflects "a general

philosophy of full agency disclosure unless information is exempted under clearly delineated

statutory language"); *Department of Air Force* v. *Rose*, 425 U.S. 352, 360-61 (1976)

("Consistently with [its purpose], the Act repeatedly states that official information shall be made

available to the public, for public inspection.") (internal quotation marks omitted).

Under FOIA, governmental agencies are required to disclose records upon

request, as long as the request describes such records and complies with published rules

concerning time, place, fees, and procedures to be followed.  5 U.S.C. § 552(a)(3)(A).  When

these requirements are met, FOIA specifically provides that the requested agency "*shall* make

the records promptly available to any person."  *Id.* (emphasis added).

Although FOIA also sets forth potential exemptions for certain agency records,

*see* 5 U.S.C. § 552(b)(1)-(9), those exemptions do not relieve an agency of responding to FOIA

requests.  The agency must still inform the requester of its determination whether to grant or

deny the request, the reasons for its determination, and the right of appeal to the agency head in

case of a denial.  5 U.S.C. § 552(a)(6)(A)(i).  Moreover, even if an exemption is asserted, the

agency must provide the requester with "[a]ny reasonably segregable portion" of the requested

records, after deleting any exempt portions.  5 U.S.C. § 552(b).  If feasible, the agency must

indicate the amount of information deleted at the place in the record where the deletion was

made.  *Id.*[3]

---

[3] When FOIA claims are litigated, the governmental agency bears the burden of proving that a
statutory exemption applies.  *See Twist*, 329 F. Supp. 2d at 53.  This may be done through

(footnote continued)

In this case, USDA admits that it has not responded to Northwestern's FOIA request, despite clear requirements that it must do so. USDA has not produced any documents or asserted any reasons for withholding documents. After more than a year of inaction by USDA, Northwestern is entitled to relief. Therefore, this Court should compel USDA to finally respond to Northwestern's request, including by requiring the immediate production of responsive records. If USDA believes that any records may be subject to statutory exemption, the Court should require that USDA identify specific records to which specified exemptions may apply. Additionally, the Court should compel USDA to produce any segregable portions of responsive documents after deleting potentially exempt portions.

Northwestern is entitled to a response to its FOIA request, including disclosure of agency records. This Court should not allow USDA to continue to avoid its legal obligations under FOIA, and should compel production of responsive records. The Court should also award Northwestern reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, and such other injunctive relief, costs, attorneys' fees and other relief that the Court deems appropriate.

## CONCLUSION

For these reasons, Northwestern respectfully moves this Court to grant judgment on the pleadings in its favor. In the alternative, Northwestern moves this Court to strike USDA's affirmative defenses and compel an immediate, legally sufficient response to Northwestern's request. In either case, Northwestern respectfully requests that USDA pay Northwestern's

---

affidavits—often in the form of a "Vaughn Index"—setting forth detailed explanations for the non-disclosure of documents or portions of documents. *See id.*; *Vaughn* v. *Rosen*, 484 F.2d 920 (D.C. Cir. 1973).

attorneys' fees and costs incurred in connection with filing this lawsuit and litigating this motion to conclusion.

Respectfully submitted this 29th day of July 2005,


                                              /s/ Alan Charles Raul_____
                                              Alan Charles Raul, D.C. Bar No. 362605
Frederic J. Artwick, Illinois Bar No. 74810   Cassidy Kesler Pinegar, D.C. Bar No. 490163
SIDLEY AUSTIN BROWN & WOOD LLP                SIDLEY AUSTIN BROWN & WOOD LLP
10 S. Dearborn Street, 55th Floor             1501 K Street, N.W.
Chicago, IL 60603                             Washington, D.C. 20005
(312) 853-7000                                (202) 736-8000


        *Attorneys for Plaintiff Northwestern University*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NORTHWESTERN UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:05-0932 (RMU) |
| | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Upon consideration of Plaintiff Northwestern University's Motion for Judgment on the Pleadings, as well as the briefs filed by both sides, the Court grants the motion.

**IT IS HEREBY ORDERED** that judgment on the pleadings be entered in favor of Plaintiff Northwestern University and that USDA produce responsive to Northwestern's FOIA request within five business days of the date of this Order.

Defendant USDA is ordered to attorney's fees and costs incurred in connection with filing this lawsuit and litigating this motion to conclusion in an amount to be determined.

Dated: _____, 2005

_____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NORTHWESTERN UNIVERSITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:05-0932 (RMU) |
| | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [ALTERNATIVE] ORDER

Upon consideration of Plaintiff Northwestern University's alternative Motion to Strike Affirmative Defenses and Compel USDA to Respond to Northwestern's FOIA Request as Required by Law, as well as the briefs filed by both sides, the Court grants the motion.

**IT IS HEREBY ORDERED** that the affirmative defenses asserted by Defendant United States Department of Agriculture be stricken, and that the Defendant be compelled to respond to Northwestern's FOIA request as required by law within five business days from the date of this Order, including the production of responsive records.

Defendant USDA is ordered to attorney's fees and costs incurred in connection with filing this lawsuit and litigating this motion to conclusion in an amount to be determined.

Dated: _____, 2005

_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of July, 2005, I caused the foregoing Motion for Judgment on the Pleadings or, in the Alternative, Motion to Strike Affirmative Defenses and Compel USDA to Respond to Northwestern's FOIA Request as Required by Law, Memorandum in Support of Motion, and proposed Orders to be served on counsel for USDA by the Electronic Court Filing system.

/s/ Cassidy Kesler Pinegar

Cassidy Kesler Pinegar, D.C. Bar No. 490163
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000