UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| NORTHWESTERN UNIVERSITY | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-0932 (RMU) |
| | : | | |
| v. | : | Document No.: | 11 |
| | : | | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | : | | |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR ATTORNEYS' FEES AND COSTS[1]

I. INTRODUCTION

The plaintiff, Northwestern University, brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522 *et seq.*, to compel the defendant, the United States Department of Agriculture ("USDA") to disclose various documents concerning two investigations by the defendant's Animal and Plant Health Inspection Service ("APHIS"). This matter is before the court on the plaintiff's motion for summary judgment and for attorneys' fees and costs. Because the court does not have enough information to gauge the adequacy of the defendant's search and document production, and because the plaintiff is not entitled to an award

---

[1] The plaintiff moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Because the court relies on evidence outside the pleadings, it converts the plaintiff's motion *sua sponte* into one for summary judgment. *Toy v. United States*, 263 F. Supp. 2d 1, 4 (D.D.C. 2002). *See also* Fed. R. Civ. Pro. 12(c) (stating that "[i]f on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56").

of attorneys' fees and costs, the court grants in part and denies in part the plaintiff's motion. The court also orders the defendant to submit a *Vaughn* index[2] consistent with this memorandum opinion.

## II. BACKGROUND

The plaintiff is a nonprofit educational institution located in Evanston, Illinois. Compl. ¶ 4. On April 16, 2004, the plaintiff filed a FOIA request with the defendant seeking documents relating to two agency investigations. *Id.* ¶ 6. The plaintiff filed the instant suit on May 9, 2005, alleging that the defendant had not responded to its FOIA request, and asking the court to order the defendant to respond to the FOIA request. *Id.* ¶ 15, Prayer for Relief. On June 13, 2005, the defendant filed an answer admitting it had not provided the plaintiff with any agency records in response to the FOIA request. Ans. ¶ 15. Further, the defendant did not assert any grounds for denying the request. *Id.* The defendant, in other words, did not take any action on the plaintiff's FOIA request for over a year.

On July 29, 2005, the plaintiff filed the instant motion for summary judgment. Five days after the plaintiff filed its dispositive motion, the defendant "sent a letter, with documents attached," in response to the plaintiff's FOIA request. Def.'s Opp'n at 1. On August 18, 2005, the defendant filed an opposition to the plaintiff's motion, arguing that the letter and the attached

---

[2] "A *Vaughn* index is a document that describes withheld or redacted documents and explains why each withheld record is exempt from disclosure." *Electronic Privacy Info. Ctr. v. Dep't of Homeland Security et al.*, 384 F. Supp. 2d 100, 104 n.1 (D.D.C. 2005) (citing *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973)).

documents served to moot the plaintiff's motion. *Id.* The court now turns to the plaintiff's motion.

## III.  ANALYSIS

### A.  The Plaintiff's Claim is not Moot

The defendant argues that the plaintiff's claim is moot because the defendant complied with its obligations under FOIA by producing the requested documents. *Id.* at 1. The plaintiff, however, argues that its claim is not moot because the defendant's production is not "legally sufficient." Pl.'s Reply at 5 n.2. For the reasons that follow, the court holds that the plaintiff's claim is not moot.

#### 1.  Legal Standard for Mootness

A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Albritton v. Kantor*, 944 F. Supp. 966, 974 (D.D.C.1996) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). It is well established that a "defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth v. Laidlaw*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)).

The standard for determining whether a case or controversy is mooted by a defendant's voluntary conduct is "stringent." *See id.* In determining mootness, the court has to make "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). "The 'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably be

expected to start up again lies with the party asserting the mootness." *Id.*; *see also United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953) (stating that "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot"). The movant must also show that "interim relief and events have completely and irrevocably eradicated the effects of the alleged violation." *Albritton*, 944 F. Supp. at 974 (citing *Davis*, 440 U.S. at 631).

Generally, in FOIA cases, "[o]nce the records are produced, the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980). A case, however, only becomes moot if "the parties lack a cognizable interest in the outcome." *Davis*, 440 U.S. at 631. Even when an agency has produced records in response to a FOIA request, a plaintiff may still have a cognizable interest in having the court determine whether the search for records was adequate. *Looney v. Walters-Tucker*, 98 F. Supp. 2d 1, 2 (D.D.C. 2000). The court, moreover, retains jurisdiction of a FOIA case if it is not convinced that the agency has released all nonexempt material. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

### 2.  The Plaintiff's Claim

The instant case is complicated somewhat by the defendant's belated response to the plaintiff's FOIA request. Specifically, the defendant argues that the plaintiff's claim is moot because the defendant released documents to the plaintiff after the plaintiff filed its dispositive motion. Def.'s Opp'n at 1 & Ex. 1. Because a federal court is only authorized to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld," a FOIA case may become moot even if the agency's release of information

was "fitful or delayed." *Perry*, 684 F.2d at 125. While such a belated release of documents might typically serve to moot the plaintiff's claim, the plaintiff in this case also contests the adequacy of the defendant's document production. Pl.'s Reply at 2.

Because the defendant did not produce the records until after the plaintiff filed its dispositive motion, the plaintiff's arguments challenging the adequacy of the agency disclosure do not appear until its reply. In its reply, the plaintiff argues that the defendant's document production contains "numerous blunderbuss redactions." Pl.'s Reply at 4. The court, however, cannot consider arguments that are raised for the first time in a reply.[3] *EchoStar Commc'ns Corp. v. Fed. Commc'ns Comm'n*, 292 F.2d 74, 754 (D.C. Cir. 2002); *McBride v. Merrell Dow Pharm., Inc.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986) ("considering an argument advanced for the first time in a reply brief . . . entails the risk of an improvident or ill-advised opinion on the legal issue tendered"). Moreover, the defendants have not submitted a *Vaughn* index nor explained their redactions. Def.'s Opp'n, Ex. 1. The court, as a result, cannot make a determination as to the propriety of the defendant's exemptions and withholdings. *Summers v. U.S. Dep't of Justice*, 140 F.3d 1077, 1080 (D.C. Cir. 1998) (stating that an "agency bears the burden before the trial court of proving the applicability of claimed statutory exemptions," and explaining that "[t]o carry this burden, an agency must submit a '*Vaughn* index' to explain why it has withheld information") (citing *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973)). Because the

---

[3] The reasoning behind the general proscription against considering an argument for the first time in a reply is even stronger where the court has *sua sponte* converted a dispositive motion into one for summary judgment. *Athridge v. Rivas*, 141 F.3d 357, 361 (D.C. Cir. 1998) (explaining that a district court's authority to enter summary judgment against a party *sua sponte* "may only be exercised so long as the losing party was on notice that [it] had to come forward with all [its] evidence") (quoting *McBride v. Merrell Dow Pharm., Inc.*, 800 F.2d 1208, 1212 (D.C. Cir. 1986)).

plaintiff's challenge to the adequacy of the defendant's document production is raised for the first time in the reply and because the defendant did not submit a *Vaughn* index, the court cannot, at this point in time, assess the adequacy of the defendant's response and the applicability of the claimed exemptions. Accordingly, the court orders the defendant to submit a *Vaughn* index.

### B. The Plaintiff is not Entitled to an Award of Attorneys' Fees and Costs

The plaintiff requests attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412[4] because the defendant did not respond to the plaintiff's FOIA request. Pl.'s Mot. at 10. The defendant does not present any arguments in opposition to the plaintiff's request for fees and costs.[5]

### 1. Legal Standard for Attorneys' Fees and Costs Under FOIA

Pursuant to 5 U.S.C. § 552(a)(4)(E)(a), the court may assess "reasonable attorneys' fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." To award attorneys' fees under FOIA, a court must undertake a two-step inquiry. First, the court must determine whether the claimant is eligible for attorneys' fees. *Pyramid Lake Paiute Tribe v. U.S. Dep't of Justice*, 750 F.2d 117, 119 (D.C. Cir. 1984). To be

---

[4] Under 28 U.S.C. § 2412(a) and (b), the court may award costs and attorneys' fees to the prevailing party in a civil action against a federal agency. 28 U.S.C. § 2412. Section 2412(b) states that the "United States shall be liable for such fees and expenses to the same extent that any other party would be liable . . . under the terms of any statute which specifically provides for such an award." *Id.* Accordingly, the court only analyzes the costs and attorneys's fee provisions under the Freedom of Information Act ("FOIA").

[5] While the plaintiff is correct in stating that the defendant did not respond to the plaintiff's request for attorneys' fees and costs, the court notes that the plaintiff has not substantially supported its request for attorney's fees and costs. Pl.'s Mot. at 10; Pl.'s Reply at 9. Specifically, the plaintiff does not address whether it has substantially prevailed and whether it is entitled to an award of attorneys' fees and costs.

eligible for fees, the claimant must "substantially prevail" in the underlying FOIA litigation. *Id.* Moreover, "[a]n agency cannot foreclose an award of attorneys' fees and costs by complying with a FOIA request during the pendency of litigation." *Md. Dep't of Human Res. v. Sullivan*, 738 F. Supp. 555, 563 (D.D.C. 1990) (citing *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1365 (D.C. Cir. 1977)). Second, the court must determine that the plaintiff is "entitled" to an award of attorneys' fees and costs. *Id.* In deciding whether a claimant is entitled to an award of attorneys' fees and costs, a court analyzes four factors: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law." *Cuneo*, 553 F.2d at 1364. The second and third factors "are closely related and are often evaluated together." *Sullivan*, 738 F. Supp. at 563 n.11 (citing *Fenster v. Brown*, 617 F.2d 740, 743 (D.C. Cir. 1979)). "None of these factors are dispositive," *Piper v. U.S. Dep't of Justice*, 339 F. Supp. 2d 13, 20 (D.D.C. 2004), and "[e]ntitlement is at the discretion of the district court." *Sullivan*, 738 F. Supp. at 565.

### 2. The Court Denies the Plaintiff's Motion for Attorneys' Fees and Costs

Assuming *arguendo* that the plaintiff substantially prevailed in this case,[6] thereby satisfying the first prong of the court's inquiry, the court concludes that the plaintiff is not

---

[6] The court assumes *arguendo* that the plaintiff has substantially prevailed because the facts suggest that the plaintiff would never have received the documents had it not filed its FOIA request. *Edmonds v. FBI*, 417 F.3d 1319, 1326 (D.C. Cir. 2005) (explaining that "[g]enerally, 'plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit'") (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)). *See also Looney v. Walters-Tucker*, 98 F. Supp. 2d 1, 4 (D.D.C. 2000) (determining *sua sponte* that the plaintiff substantially prevailed for purposes of FOIA's attorneys' fees and costs provisions "[b]ecause it [was] patently obvious, however, that plaintiff would never have received the records produced without filing [the] action").

entitled to an award of attorneys' fees and costs.  The FOIA request in this case seeks "records relating to two agency investigations." Pl.'s Mot. at 1, 2.  Although the plaintiff makes only two short references to the agency investigations, *id.*, the court assumes that the agency investigations involve the plaintiff's activities that may come under APHIS' supervision.

The first factor of the entitlement inquiry is generally satisfied where the information sought in the underlying FOIA litigation adds to "the public fund of information that citizens may use in making vital political choices." *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (quoting *Fenster*, 617 F.2d at 744).  The court determines that the information is not likely to add to the citizenry's fund of information for making political choices because the limited information provided by the plaintiff indicates that the agency investigations only deal with activities specific to the plaintiff.  Pl.'s Mot. at 1, 2.  "[T]he public benefit, if any, is almost nil" in instances "where the plaintiff seeks disclosure of material for commercial purposes." *Aviation Data Serv. v. Fed. Aviation Admin.*, 687 F.2d 1319, 1323 (10th Cir. 1982) (citing *LaSalle Extension Univ. v. Fed Trade Comm'n*, 627 F.2d 482 (D.C. Cir. 1980)).  Similarly, because the information is likely to be only of benefit to the plaintiff,[7] the second and third factors also show that the plaintiff is not entitled to attorneys' fees and costs.  With regards to the fourth factor, it is unclear whether the government's withholdings have a basis in law because the defendant has not provided a *Vaughn* index.  Further, the court does not have enough information to gauge whether the defendant's failure to respond to the plaintiff's request is related to, for example,

---

[7]   The court assumes that the plaintiff intends to use the information to challenge the results of the defendant's investigations.

agency backlog or to a failure to exercise due diligence.[8]  Because the plaintiff has not shown that it is entitled to an award of attorneys' fees and costs, the court denies in part the plaintiff's motion.[9]

### IV.  CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the plaintiff's motion for summary judgment and for attorneys' fees and costs, and orders the defendant to submit a *Vaughn* index with respect to the withholdings.  An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 15th day of December, 2005.

RICARDO M. URBINA
United States District Judge

---

[8]  The plaintiff moves, in the alternative, to strike the defendant's affirmative defenses. The defendant's affirmative defenses rely on the propriety of the claimed exemptions.  Because the court does not have enough information to assess the adequacy of the defendant's exemptions, the court also denies the plaintiff's motion to strike the affirmative defenses.  *Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F. Supp. 2d 21, 24 (D.D.C. 2005) (noting that "striking pleadings is generally disfavored as an extreme remedy," and that "a motion to strike a defense 'should be granted where it is clear that the affirmative defense is irrelevant and frivolous'") (quoting *Ass'n of Am. Med. Colleges v. Princeton Review, Inc.*, 332 F. Supp. 2d 11, 22 (D.D.C. 2004)).

[9]  The court reiterates that its determination is based on the plaintiff's scant statements about the nature of the information sought.